AGNES WALSH, Appellant, v. THE FLATBUSH, NORTH SHORE AND CENTRAL RAILROAD COMPANY, Respondent.

*Settlement of action — by client, where attorney is interested in the recovery — effect of, on rights of attorney.*

In this action, prosecuted under an agreement with plaintiff's attorney, that he should receive one-half the recovery for his services, the defendant having no notice of such agreement, settled with the plaintiff before trial, *held*, that the settlement was good as against the claim of the attorney, unless made by the defendant in bad faith, and that the defendant was entitled to an order discontinuing the action.

APPEAL by plaintiff and her attorney from an order directing a discontinuance of this action, without costs.

*Daniel R. Lyddy*, for the appellant.

*Edward E. Sprague*, for the respondent.

DANIELS, J.:

The action was brought to recover damages sustained by reason of a personal injury. It was prosecuted under an agreement with the plaintiff's attorney that he should receive one-half the recovery for his services and disbursements. Notice of the existence of the agreement was not given either to the defendant or its attorneys. The information given to the clerk of the attorney by the plaintiff as to her desire to send for her attorney was not evidence of the fact against the defendant. And besides that it was denied by one of the attorneys for the defendant, who swore that she positively declined to have her counsel present, as that was not deemed to be necessary. Notice, under this state of the proof, was not established. Neither was there any thing from which its existence could be inferred. In that respect there was a material difference between this case and that of *Coughlin* v. *New York Central and Hudson River Railroad Co.* (8 Hun, 136), for it appeared there that notice had been given to the defendant before the claim was settled. Without such

notice, the plaintiff had the right to settle the case, even if by so doing she defeated the purpose of the agreement made between herself and her counsel. (*Shank* v. *Shoemaker*, 18 N. Y., 489; *Pulver* v. *Harris*, 52 id., 73; *Wade* v. *Orton*, 12 Abb. [N. S.], 444.)

The case seems to be an unfortunate one for the counsel, but under the circumstances the court has no power to relieve him from the effect of the settlement made, unless he can show that it was the result of bad faith; and an opportunity to do that has been secured by the order made on the disposition of the motion.

The order should be affirmed, but, under the circumstances, costs should not be awarded against the counsel who has been deprived of the benefit of the agreement made with his client.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with costs.